LOBRANO, Judge.
This case is a result of a suspensive appeal filed in this court in a prior matter, case No. 13016. In the prior case, the trial judge ruled in favor of the plaintiff-landlord and ordered defendant to vacate the leased premises for non-payment of the September, 1981 rent. Defendant took a suspensive appeal. This court held that the plaintiff had accepted a check after notice to vacate had been given but before judgment of eviction and therefore could not obtain a judgment of eviction. Rehearing was denied on July 16, 1982. During the period that the appeal was pending, appellant in the instant case refused to pay the rent for October, 1981 to March 31, 1982. On July 21, 1982, appellant was given a notice to vacate based on his failure to pay this rent. On August 31, 1982 a rule for possession was heard in the First City Court, Parish of Orleans. The trial judge ordered the rule for possession absolute, and ordered appellant to vacate the premises. Appellant then filed the instant suspen-sive appeal. In addition, he tendered the rent due for September, 1982 but same was refused by appellees because of the pending eviction and appeal.
Appellant asserts three specifications of error:
1) the trial court erred in its failure to sustain the exception of no right of action based on the written lease which lists the lessor as Trapani Land-view.
2) The court below erred in its failure to hold that the appellee had no right or cause of action since under La.C.C.P. Art. 2166 the suspensive appeal and bond was in effect at the time of the filing of the rule for eviction.
3) The court below erred in its failure to hold that under Louisiana law the posting of an appeal bond in an eviction case suspends the obligation to pay the rent.
Appellant’s first specification of error is without merit. This Court in appeal No. 13016, June 8,1982, addressed the question of appellee’s right of action. It was noted that the trial judge signed an order, prior to the hearing, permitting the new co-owner, A. Lester Sarpy, to join as co-plaintiff. Thus, A. Lester Sarpy and Samuel Trapani have a right of action as owners of the leased premises. This court further ruled that the lack of a trade name affidavit required by L.S.A.R.S. 51:281 by the co-owners was not a proper defense to an eviction proceeding.
*295 Appellant’s second and third specifications of error are also without merit. Under La.C.C.P. Art. 2123, a suspensive appeal suspends the effect or execution of an appealable order or judgment of a lower court. The suspensive appeal in No. 13016 dealt with eviction due to non-payment of rent for September, 1981. Thus, only eviction based on non-payment of that month’s rent was suspended. Nothing more. The payment or non-payment of any future rents due under the lease was not at issue and was not suspended.
Our civil code clearly enumerates the rights, obligations and privileges of lessors and lessees. La.C.C. Art. 2729 provides that the lease may be dissolved if the lessee fails to comply with the terms of the lease. La. C.C. Art. 2710 states that in return for enjoying the use of the thing leased, the lessee is bound to pay the rent as agreed. Failure to pay the rent as it becomes due breaches the lease and the lessor can evict the lessee. . (Emphasis added).
Under the terms of the lease in the instant case the rent was due on a month to month basis. Therefore, each month the lessee failed to pay the rent constituted a separate breach and thus a separate cause of action for which the lessor could sue to evict the lessee. La.C.C.Pro. Arts. 421-423.
It is clear from the record before us that appellant breached the terms of the lease by failing to pay the rent from October, 1981 to March 31, 1982.
For the foregoing reasons the judgment of the trial court is affirmed.
AFFIRMED.